1 | **BARNES & THORNBURG LLP**
2 | JOEL R. MEYER (SBN 247620)
  | jmeyer@btlaw.com
3 | 2029 Century Park East, Suite 300
  | Los Angeles, California 90067
4 | Telephone:  310.284.3880
  | Facsimile:  310.284.3894

Attorney for Plaintiff
FINISHMASTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FINISHMASTER, INC., an Indiana corporation, as successor in interest to Annex Group, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRECISION BODY SHOP & DETAIL, INC., a California corporation, LOU HANHAN, a California citizen and resident, and ANTHONY CAPRINI, a California citizen and resident,<br><br>　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) BREACH OF GUARANTEE;**<br><br>**(3) BREACH OF GUARANTEE;**<br><br>**(4) ACCOUNT STATED; AND**<br><br>**(5) UNJUST ENRICHMENT FOR GOODS AND CREDITS RENDERED** |

COMPLAINT

Plaintiff FinishMaster, Inc. ("FinishMaster") brings this action against Defendants Precision Body Shop & Detail, Inc., Lou Hanhan and Anthony Caprini ("Defendants") for (1) breach of contract; (2) breach of guarantee; (3) breach of guarantee; (4) account stated and (5) unjust enrichment for goods and credits rendered, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because FinishMaster is a citizen of a foreign state, Defendants are citizens and residents of the State of California, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in this District. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

3. FinishMaster is an Indiana corporation with its principal place of business in Indianapolis, Indiana. FinishMaster is a distributor of automotive paints and materials.

4. Defendant Precision Body Shop & Detail, Inc. ("Precision") is a California corporation with a principal place of business in Colma, California. Defendant is an automotive body shop.

5. Defendant Lou Hanhan ("Hanhan") is a citizen and resident of the State of California.

6. Defendant Anthony Caprini ("Caprini") is a citizen and resident of the State of California.

7. FinishMaster has had a business relationship with Precision pursuant to which FinishMaster has served as a distributor of automotive paint and materials for Precision.

## GENERAL ALLEGATIONS

8. This is a case about a purchaser that, among other things, (i) agreed to purchase 100% of its paint and material requirement exclusively from FinishMaster, (ii) agreed to purchase $1,900,000.00 worth of paint and material products from FinishMaster, (iii) ordered automotive paint and material products for delivery from FinishMaster, (iv) accepted delivery, and (v) acknowledged its obligation to pay FinishMaster for those products. The purchaser and its personal guarantors have defaulted on their obligations and have failed to pay the full invoiced price of the goods received.

## CUSTOMER AGREEMENT

9. On or about March 9, 2015, Precision executed a Customer Agreement ("the Contract") with Annex Santa Clara, Inc., then owned and operated by Annex Group, Inc., to whom FinishMaster is the successor in interest[1], whereby Precision agreed to purchase 100% of its paint and material requirements exclusively from FinishMaster, and to be current with its accounts with FinishMaster, among other things. A true and correct copy of the Contract is attached hereto as Exhibit A. In exchange for this commitment, FinishMaster agreed to provide an advanced credit ("Jobber Credit") to Precision in the form of two checks totaling $125,000.00 as a conditional benefit ("Conditional Benefit"). See Exhibit A, ¶ 4.

10. In the event that Precision failed to fulfill its obligations, the Contract provided for Precision to return the entire Jobber Credit, and remit payment for all outstanding balances on specific terms and conditions. See Exhibit A, ¶ 7. The Contract also authorized FinishMaster to collect attorneys' fees arising from its efforts to collect past due amounts. See Exhibit A, ¶ 10(b).

11. FinishMaster performed in accordance with the Contract.

---

[1] Annex Santa Clara, Inc., the party with whom Precision originally contracted, is hereafter referred to as FinishMaster.

12. Precision failed to pay for purchases when due, failed to purchase $1,900,000.00 worth of paint and material products from FinishMaster, and failed to cure its breach within 30 days written notice from FinishMaster, all in violation of conditions of the Contract.

13. These violations each and collectively constituted a breach of contract resulting in the automatic termination of the Contract under paragraph 7 thereof.

14. As a result, Precision owes FinishMaster at least $189,190.10, plus attorneys' fees, costs, and interest as follows:

> (a) Precision must return the value of the Jobber Credit that FinishMaster provided in the amount of $125,000.00; and
>
> (b) Precision must pay the outstanding account balance for goods it accepted without dispute in the amount of $64,190.10.

15. Precision also owes FinishMaster lost profits on the remaining purchase requirement resulting from its failure to purchase $1,900,000.00 worth of paint and material products as required in paragraph 4 of the Contract.

16. All conditions precedent to FinishMaster's right to recover these amounts under the Contract have been provided or have occurred.

17. As of the date of this filing, Precision has still failed to pay amounts due and owing under the Contract, and FinishMaster has been damaged as a result.

## **HANHAN'S PERSONAL GUARANTEE**

18. By a Guarantee executed contemporaneously with the Contract, Hanhan personally guaranteed the obligations and liabilities of Precision to FinishMaster, including the obligations to pay amounts owing from breach of the Contract. A true and accurate copy of the Guarantee is included in paragraph 9 of Exhibit A to this Complaint.

19. Precision received from FinishMaster a demand for payment but failed to remit payment to FinishMaster toward the amounts owed.

///

20. Hanhan has failed to pay upon demand by FinishMaster the amounts owed to FinishMaster under the Contract.

21. FinishMaster has suffered actual damages in the amount of at least $208,233.60.

## CAPRINI'S PERSONAL GUARANTEE

22. By a Guarantee executed contemporaneously with the Contract, Caprini personally guaranteed the obligations and liabilities of Precision to FinishMaster, including the obligations to pay amounts owing from breach of the Contract. A true and accurate copy of the Guarantee is included in paragraph 9 of Exhibit A to this Complaint.

23. Precision received from FinishMaster a demand for payment but failed to remit payment to FinishMaster toward the amounts owed.

24. Caprini has failed to pay upon demand by FinishMaster the amounts owed to FinishMaster under the Contract.

25. FinishMaster has suffered actual damages in the amount of at least $208,233.60.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

26. FinishMaster realleges each and every allegation contained in Paragraphs 1 through 25 as though set forth in full herein.

27. The Contract constitutes a valid, binding and enforceable contract.

28. Finish Master has fully performed its obligations under the Contract, except as excused by law and/or Defendants' breaches.

29. Precision materially breached the Contract by failing to pay for purchases when due, failing to purchase $1,900,000.00 worth of paint and material products from FinishMaster, and failing to cure its breach within 30 days written notice from FinishMaster.

30. FinishMaster has fully performed its obligations under the Contract.

31.     As a result of Precision's breach, FinishMaster has been damaged in the amount of at least $189,190.10, plus attorneys' fees, costs, interest and lost profits.

## SECOND CLAIM FOR RELIEF

**(Breach of Guarantee by Hanhan)**

32.     FinishMaster realleges each and every allegation contained in Paragraphs 1 through 31 as though set forth in full herein.

33.     The Guarantee constitutes a valid, binding and enforceable contract.

34.     Finish Master has fully performed its obligations under the Contract and Guarantee except as excused by law and/or Defendants' breaches.

35.     Hanhan has materially breached his Guarantee by failing to pay upon demand by FinishMaster the amounts owed to FinishMaster under the Contract.

36.     As a result of Hanhan's breach, FinishMaster has been damaged in the amount of at least $189,190.10, plus attorneys' fees, costs, interest and lost profits.

## THIRD CLAIM FOR RELIEF

**(Breach of Guarantee by Caprini)**

37.     FinishMaster realleges each and every allegation contained in Paragraphs 1 through 36 as though set forth in full herein.

38.     The Guarantee constitutes a valid, binding and enforceable contract.

39.     Finish Master has fully performed its obligations under the Contract and Guarantee except as excused by law and/or Defendants' breaches.

40.     Caprini has materially breached his Guarantee by failing to pay upon demand by FinishMaster the amounts owed to FinishMaster under the Contract.

41.     As a result of Caprini's breach, FinishMaster has been damaged in the amount of at least $189,190.10, plus attorneys' fees, costs, interest and lost profits.

## FOURTH CLAIM FOR RELIEF

**(Account Stated)**

42.     FinishMaster realleges each and every allegation contained in Paragraphs 1 through 41 as though set forth in full herein.

43. Pursuant to Precision's requests, FinishMaster furnished, and Precision accepted, paint and related materials (the "Materials") on account. Precision's acceptance of these Materials is evidenced by the entries reflected on the account statements and invoices attached hereto as Exhibit B.

44. FinishMaster provided Precision with monthly account statements identifying the balance then outstanding on each account and directing Precision to remit the entire outstanding balance to FinishMaster by month's end.

45. Despite accepting Materials from FinishMaster and receiving monthly account statements reflecting amounts due, Precision has not paid FinishMaster for the amount due and owing on the account in the amount of $64,190.10.

46. Precision has not disputed the account statement.

47. Although demand for payment has been made to Precision, as of the date of this filing, Precision has still failed to pay the amount due and owing on the account, and FinishMaster has been damaged as a result.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment for Goods and Credits Rendered)

48. In the alternative, FinishMaster states a claim for unjust enrichment.

49. FinishMaster conferred a benefit on Precision, Hanhan and Caprini when FinishMaster sold paint and materials to Precision and extended credits to Precision (the "Benefit").

50. Defendants accepted the Benefit from FinishMaster.

51. The approximate value of the Benefit is equal to $189,190.10.

52. Defendants failed to pay those amounts that are due and owing and/or return the benefit of such amounts to FinishMaster.

53. Defendants have been unjustly enriched, to the detriment of FinishMaster.

54. FinishMaster is entitled to an award in the amount of at least $189,190.10.

///

///

# PRAYER

WHEREFORE, FinishMaster respectfully prays for judgment against Defendants Precision Body Shop & Detail, Inc., Lou Hanhan and Anthony Caprini, as follows:

1. On the First, Second, Third and Fourth Claims for Relief, the following damages:

    (a) actual damages (not including lost profits) in the amount of $189,190.10;

    (b) costs incurred by FinishMaster in bringing this action, including, but not limited to, attorneys' fees and court costs, as allowed under the Contract and/or law;

    (c) post judgment costs of collection, including, but not limited to, attorneys' fees and court costs as allowed under the Contract and/or law;

    (d) lost profits; and

    (e) such other and further relief as the court deems just and equitable;

2. Or, in the alternative, on the Fifth Claim for relief, the following damages:

    (a) actual damages (not including lost profits) in the amount of $189,190.10;

    (b) costs incurred by FinishMaster in bringing this action, including, but not limited to, attorneys' fees and court costs, as allowed by law;

    (c) post judgment costs of collection, including, but not limited to, attorneys' fees and court costs as allowed by law; and

    (d) such other and further relief as the court deems just and equitable.

Dated: June 13, 2017    **BARNES & THORNBURG LLP**

By     /s/ Joel R. Meyer
Joel R. Meyer
Attorney for Plaintiff
FINISHMASTER, INC.

DMS 10462828v1